## In the Matter of the Marriage of

### COHEN,
*Appellant,*

*and*

### COHEN,
*Respondent.*

### (15-85-02881; CA A40088)

747 P2d 363

Charles S. Spinner, Eugene, argued the cause and filed the brief for appellant.

F. William Honsowetz, Eugene, argued the cause for respondent. With him on the brief were John Mark Mills and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Father appeals from a judgment of dissolution. He contends that the trial court improperly terminated his visitation rights, that the child support and spousal support ordered is excessive and that the court abused its discretion in awarding mother attorney fees.

The parties were married in July, 1981, and the dissolution judgment was entered in April, 1986. At the time of trial, father was 40 years old and mother 41. The parties had one child, a daughter, who was almost four years old. Mother was awarded custody of the daughter; father was ordered to pay $250 per month child support and $200 per month spousal support for 36 months.[1]

The judgment provides that visitation of the child by father is denied

"until there is substantial change of circumstance [*sic*] in all of the three following areas:

"(1)  The emotional difficulties of the child; and

"(2)  The psychological makeup of the [father]; and

"(3)  The deficits in parental skills as exemplified by the [father]."

The substance of father's first assignment is that the court effectively terminated his visitation rights with his daughter without a basis for concluding that the child's welfare would be adversely affected by visitation.

During the parties' separation, father had custody of the child for a period and exercised visitation after the child was with mother. During the early portion of this protracted proceeding, mother alleged that father had sexually molested and abused the child. The trial court ordered an investigation; father and mother were interviewed by mental health professionals, and the child received substantial therapy.

It is unnecessary to detail the evidence that the court received regarding whether father had abused the child. The court concluded that it could not determine what had occurred

---

[1] Mother has had at least two prior marriages. Two children from two of those marriages are living with her, and she receives a total of $200 per month in child support on their behalf.

but that it was convinced that the best interest of the child would be served by suspending visitation. A noncustodial parent's right to visitation is not absolute. The best interests of the child are paramount. In this case, the child was convinced that she had been molested, and she showed adverse emotional reactions to visits with father. Whether the child's psychological problems were produced by mother's instigation or father's conduct, the child is still suffering and needs additional therapy. We agree with the trial court that suspension of visitation is appropriate.

■    Father next contends that $250 per month child support is excessive. He contends that $150 per month is all that he can pay. There is very little financial information in the record. It appears that father's net income is about $900 per month. His debts from a grocery store which the parties owned were discharged in bankruptcy before trial. Mother worked part time, earning about $400 net income per month. She quit the job just before trial, but it would still be available to her after trial. Mother submitted a budget which indicated that expenses attributable to the child were $350 per month, and that amount was used by the court in calculating child support, using the *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), formula. Father contends that that amount is excessive and, when put into the formula, unduly inflates the amount of support that he must pay. Father offered no evidence to counter mother's financial information, and there was little cross-examination of her regarding it. We cannot say that $350 does not reflect the expenses attributable to the child. We decline to alter the child support award.

■    Father also asks that we eliminate the spousal support award. We conclude that it should be eliminated. This was a relatively short term marriage. The parties were married for about five years, but they were separated slightly over a year. They never enjoyed a high standard of living during the marriage. Mother is young and has part of a year of college training. She has demonstrated employability and had earned $400 per month working part time, and that job is still available. There are limited funds available to pay the living expenses of everyone. We conclude from all of the circumstances that spousal support is not warranted.

■    Father's final assignment relates to attorney fees. He

claims that the court awarded mother $5,294.75 as a contribution toward her attorney fees. The judgment from which father appeals, and which is appended to his notice of appeal, provides:

"5. Petitioner shall pay to Respondent as a contribution for her attorney's fees an amount to be determined by the Court pursuant to ORCP 68[C]."

The trial court file shows that respondent's counsel filed a petition for attorney fees and served it on opposing counsel as provided in ORCP 68C(4)(a). That apparently complies with the rule and satisfies the requirements of proof. However, no fees were entered as part of the judgment, as required by ORCP 68C(4)(d). There is therefore no judgment awarding attorney fees to review.

Judgment modified to eliminate spousal support award; otherwise affirmed. No costs to either party.