Submitted on record and briefs December 18, 1990, award of visitation to paternal grandmother vacated; juvenile court proceedings remanded with instructions; otherwise affirmed October 2, 1991

In the Matter of the Marriage of

Robert Francis DeSANTIS, Jr.,
*Appellant,*

*and*

Carolyn Marie DeSANTIS
now known as Carolyn Marie Carney,
*Respondent.*

In the Matter of
Nelcha DeSantis and
Robert F. DeSantis, III, Children.

(88C-30208, 89J0330, 89J0331; CA A64517)

817 P2d 769

Jerry G. Kleen, Salem, filed the brief for appellant.

Sharman R. Meiners and Larimer, McGehee & Meiners, Stayton, filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., retired.

## RICHARDSON, P. J.

Husband appeals an order modifying the provision of the dissolution judgment that relates to custody and visitation of the parties' two children. He contends that an award of visitation rights to the paternal grandmother was unlawful and that denial of any visitation by him is inequitable.

The judgment was entered May 2, 1989. It placed the children in temporary custody of their paternal grandmother, "subject to the jurisdiction of the Marion County Juvenile Court System and the orders in * * * Robert Francis DeSantis #89J-0331 and Nelcha Ann DeSantis #89J-0330 and Children's Services Division of the State of Oregon and shall be continued under this jurisdiction and supervision until further order of the court." Neither parent appealed that judgment.

One purpose of the temporary custody decision was to allow the parents to participate in counselling and evaluations. They were both heavily involved in alcohol and drugs. The court requested evaluation reports for use in disposition of all of the cases. Mother moved on January 11, 1990, to modify the judgment to award custody of the children to her. The court allowed the motion, awarding custody to mother, allowing father no visitation but giving the paternal grandmother visitation according to a precise schedule.

Father first contends that the court had no authority to give the grandmother visitation in the dissolution case. Mother concedes that the court erred, and we agree. The court has authority under ORS 109.121 to give grandparents visitation if the requirements of the statute are met. *See* ORS 107.105(1)(b). No petition was filed under ORS 109.121, and no attempt was made to follow the statute.

Father also assigns error to the court's denial of any visitation to him. At the dissolution trial, the evidence demonstrated that neither party was then a suitable custodial parent. In the interim between the trial and the hearing on the motion to modify the judgment, mother made substantial progress in overcoming her personal problems and her alcohol and drug abuse. Father, on the other hand, made little progress and had only minimally cooperated in the alcohol

and drug abuse programs. He has failed to take steps necessary to demonstrate that he can provide a minimally adequate environment for the children's visits.

■ A non-custodial parent's right to visitation is not absolute. *Cohen and Cohen,* 89 Or App 12, 747 P2d 363 (1987), *rev den* 305 Or 331 (1988). A primary concern is the best interests of the child. Although ORS 107.105(1)(b) also requires the court to recognize the value of parental contact, the child's welfare must be accorded greater weight in the balance. We agree with the trial court that father has not demonstrated that he could provide a safe environment for the children and that visitation with father would not be in their best interests at the present time.

■■ The juvenile court cases (89J0330 and 89J0331), involving petitions to make the children wards of the court, were consolidated for hearing with the dissolution case. Separate dispositional orders were entered in the juvenile cases. A dissolution court has a nondelegable duty to make a custody determination. *Christy v. Christy,* 244 Or 575, 419 P2d 425 (1966). The custody determination having been made, there was no basis to continue juvenile court wardship. On remand, the juvenile proceedings should be dismissed. *Christy v. Christy, supra.*

Award of visitation to paternal grandmother vacated; juvenile court proceedings 89J0330 and 89J0331 remanded with instructions to dismiss; otherwise affirmed. No costs to either party.