Submitted on record and appellant's brief April 10, parenting time portion of dissolution judgment reversed and remanded for development of supervised parenting plan including any appropriate safeguards that the court deems in the best interests of the children; otherwise affirmed June 14, 2006

In the Matter of the Marriage of

Darin Duane POOLER,
*Respondent,*
*and*

Rebecca Sue POOLER,
*Appellant.*

04DO0661DS; A128445

136 P3d 1153

George M. Galloway filed the brief for appellant.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Linder* and Wollheim, Judges.

* Linder, J., *vice* Richardson, S. J.

WOLLHEIM, J.

## WOLLHEIM, J.

Mother appeals from a judgment of dissolution, assigning error to that portion of the judgment granting father one month per year unsupervised parenting time with the couple's two young children. Mother contends that the parenting time schedule is not in the best interests of the children. On appeal, father does not appear. On *de novo* review, ORS 19.415(3), we remand for modification of the parenting time plan.

At the time of trial, son was three years and seven months old, and daughter was one year and seven months old. The parties agreed that mother would have sole custody of the children, but disagreed regarding father's parenting time.[1] At trial, mother testified that she would be moving to Illinois in order to pursue a one-year educational program, after which she would return to Oregon. In light of mother's anticipated move, father sought to have mother bring the children to Oregon to stay with him for four consecutive weeks during the summer.

Mother opposed father's proposed plan, arguing that it was far too long for the children to be with father without professional supervision. She testified that she believed that leaving her infant daughter with father would be traumatic, as the daughter had not seen father for nine months, almost half her life, and did not remember him. In addition, mother stated that she believed that unsupervised visits with father would place the children at risk because father was a methamphetamine user, had an extensive criminal history that showed a pattern of disregard for the law, and had been physically abusive to mother in the presence of the children. Mother further testified that father had become hostile to her after she had given father's methamphetamine to police and had sought restraining orders against him in two counties.[2] Mother stressed that she wished the children to have a good relationship with father, but that she wanted to be assured of

---

[1] At trial, mother dismissed her request for spousal support.

[2] Mother testified that she had withdrawn one of the two restraining orders against father after he had shown up unannounced at her house and convinced her to "try to work things out with him."

their safety when they are with him. Accordingly, mother sought an order granting father one supervised visit per month while she was in Illinois, with father to pay for a urinalysis test and a supervision fee on each visit and mother to cover half of father's travel expenses.

The trial court rejected mother's proposed plan and adopted father's proposal, granting him one month of unsupervised parenting time with both children beginning July 1, 2005.[3] The court stated that its order was based on mother moving to Illinois, and noted that if mother were to move "closer back, then that would be a significant change of circumstances that would warrant a change in the parenting time." The court also stated that its order was contingent on father "staying clean and sober." Toward that end, the court stated that it would require father to execute a release to allow mother access to drug court records so that she would be able to "find out how he's doing."[4] The trial court accepted "at face value" mother's reasons for moving to Illinois and her concerns about father's violent past. The court acknowledged that "it is wrong to be domestically violent particularly with children in the household because that really disturbs children and, if it happens enough, it impacts their ability to form relationships," and the court admonished father to be "very, very careful and delicate in how you deal" with the children given that father was "a stranger," having not seen his children for a significant portion of their lives. The court further noted that its order granted to father "a lot of parenting time initially for small children." Nevertheless, the court determined that the plan was "the only rational thing * * * to ensure any parenting time at all" for father.

■ Mother appealed. She also filed—and we granted—an emergency motion for a stay of judgment. In her motion, mother noted that she had moved back to Oregon, and that she would be amenable to a modification of the trial court's parenting plan to provide for "up to four days each month in

---

[3] The trial court diverged from father's proposal only to designate the Portland Airport as the exchange point, instead of La Grande, Oregon, the originally proposed point of exchange.

[4] The court did not include this requirement in the general judgment.

a supervised visitation center in La Grande, Oregon on days of [father's] choosing."

■■    As we have previously noted, "[A] noncustodial parent's right of visitation is not absolute. The best interests of the child are paramount." *Cohen and Cohen*, 89 Or App 12, 15, 747 P2d 363 (1987), *rev den*, 305 Or 331 (1988); *see also Sundberg and Sundberg*, 150 Or App 349, 355, 946 P2d 296 (1997). ORS 107.101 states that it is the policy of this state to "[a]ssure minor children of frequent and continuing contact *with parents who have shown the ability to act in the best interests of the child.*" (Emphasis added.) In developing a parenting plan, the court "may consider only the best interests of the child and the safety of the parties." ORS 107.102(4)(b). Where a parent has "committed abuse, the court *shall* make adequate provision for the safety of the child." ORS 107.718(6). (Emphasis added.) Abuse includes violent acts between spouses, as well as violent acts by a parent toward his or her children. ORS 107.705. In ordering parenting time for a noncustodial parent, a court is authorized to impose a range of safeguards for the children and the parent who was previously abused, including that the exchange of children take place at a protected location, that parenting time be supervised by a third party, that the abuser attend and complete counseling or an intervention program, and that no overnight parenting time occur. ORS 107.718(6). Accordingly, in reviewing an order of parenting time for a noncustodial parent, our foremost concern is for the best interests and safety of the children.

    Mother argues that in providing for a month of unsupervised visitation the trial court "failed to recognize that the right to parenting time is not absolute if it conflicts with a child's best interests." Although we do not read the record to show that the trial court was unconcerned with the children's best interests, the trial court assumed, without adequate inquiry, that the children's best interests would be served by the parenting plan it adopted. We conclude that the trial court's assumption was unwarranted. Instead, the record before the court supported mother's contention that unsupervised visits of extended periods with father were not in the

children's best interests. In particular, mother's unchallenged testimony about father's prior abuse, including violence in front of their children, imposed on the court a duty to put adequate safeguards in place. When coupled with mother's testimony regarding father's increased animosity toward her after she gave his methamphetamine to the police, and father's virtual estrangement from his very young children, we conclude that a far more measured and conditional reintroduction of father into the children's lives would be in the children's best interests.

We accordingly vacate the parenting time portion of the dissolution judgment and remand for development of a supervised parenting plan.

Parenting time portion of dissolution judgment reversed and remanded for development of supervised parenting plan including any appropriate safeguards that the court deems in the best interests of the children; otherwise affirmed.